**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Neftali Valladares Ortiz,<br><br>Petitioner<br><br>v.<br><br>Chad F. Wolf, *et al.*,<br><br>Respondents | Case No.: 2:20-cv-01483-JAD-EJY<br><br>**Order Dismissing and Closing Action**<br><br>ECF Nos. 2, 7 |

This action is a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 by a citizen of Guatemala, who was in immigration detention at the Henderson Detention Center awaiting removal when he filed this petition.[1] Respondents move to dismiss this petition for lack of subject-matter jurisdiction.[2] Because this Court lacks subject-matter jurisdiction over this immigration challenge, I grant the motion to dismiss and deny as moot the petitioner's motion for stay of deportation.

**Background**

Petitioner Neftali Valladares Ortiz alleges in his habeas petition that he is—or was, when he filed the petition[3]—in immigration detention, facing the prospect of removal based on a 2005 final order of removal, while awaiting adjudication of an I-130 Petition for Alien Relative, filed by his United States citizen wife in 2015.[4] Around the time the I-130 petition was filed, Ortiz

---

[1] *See* ECF No. 1 at 1–2.

[2] ECF No. 7.

[3] On September 9, 2020, respondents filed a notice stating that Ortiz was removed to Guatemala on that date. ECF No. 10. Respondents argue that, on account of Ortiz's removal, this action is moot and should be dismissed on that ground. *See* ECF No. 10 at 2–4. I do not reach this issue because I conclude that this Court lacks subject-matter jurisdiction over this action and dismiss it on that basis.

[4] *See* ECF No. 1 at 1–4.

sought to reopen the long-concluded removal proceedings, and that request was denied in 2016.[5] Ortiz did not appeal that decision to the Board of Immigration Appeals or the Ninth Circuit Court of Appeals.[6] More recently, Ortiz filed a motion for an administrative stay of removal, but ICE had not ruled on that motion when Ortiz filed his federal habeas petition.[7]

Ortiz alleges that United States Immigration and Customs Enforcement ("ICE") has not complied with provisions of the Immigration and Nationality Act ("INA"), the Administrative Procedures Act ("APA") and federal regulations that allow for adjudication of the I-130 petition without him being detained or removed.[8] He alleges that his detention and removal violate his right to due process of law under the Fifth Amendment."[9] Ortiz names as respondents Chad Wolf, Secretary of Homeland Security; Sylvester Ortega, Field Office Director for ICE enforcement and removal operations in ICE's Las Vegas Field Office; Pamela Lauer, Superintendent of the Henderson Detention Center;[10] and Joseph Lombardo, Sheriff of Clark County, Nevada.[11] Ortiz seeks an order releasing him from custody, and injunctive relief preventing his removal while he seeks waivers of inadmissibility.[12] Ortiz asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 2241.[13]

---

[5] *See id.* at 4–5.
[6] *See* ECF No. 7, p. 2.
[7] *See* ECF No. 1, p. 12.
[8] *See id.* at 5–6, 9–15.
[9] *Id.* at 13.
[10] Ortiz names this respondent in the caption of his petition but does not mention her in the body of the petition. *See id.* at 6.
[11] *See id.*
[12] *See id.* at 16–17.
[13] *See id.* at 6.

2

**Discussion**

Federal courts are courts of limited jurisdiction with the power to hear cases only when authorized by the Constitution and statute.[14] "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."[15] When subject matter jurisdiction is challenged, the burden of establishing jurisdiction is on the party invoking the court's jurisdiction.[16] The court presumes lack of subject-matter jurisdiction until the plaintiff establishes that it exists.[17]

Respondents' motion to dismiss is based on 8 U.S.C. § 1252(g), which limits the judiciary's power to hear immigration matters:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Additionally, 8 U.S.C. § 1252(a)(5) and (b)(9) limit judicial review of removal orders to appeals to the court of appeals following completion of established administrative process, and these provisions expressly preclude habeas jurisdiction over challenges to removal orders. Section (b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to

---

[14] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[15] *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

[16] *See id.*

[17] *Kokkonen*, 511 U.S. at 377.

remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.[18]

"[W]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)."[19]

It is plain that Ortiz seeks to challenge the enforcement of a removal order, or suspend its enforcement,[20] and sections 1252(a)(5), (b)(9) and (g) apply and expressly preclude this Court from exercising subject-matter jurisdiction over this case.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss **[ECF No. 7] is GRANTED.  This action is DISMISSED.**  The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Petitioner's Motion for Stay of Deportation **[ECF No. 2] is DENIED** as moot.

Dated: October 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] *See also* 8 U.S.C. § 1252(a)(5) (same).

[19] *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).

[20] *See* ECF No. 8 (petitioner's arguments to the contrary).